**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| KEVIN THOMAS COE | ) | Case No. 16-13895-BFK |
| | ) | Chapter 7 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| LEE & MEIER, PLLC | ) | Adversary Proceeding |
| | ) | No. 17-01017-BFK |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| KEVIN THOMAS COE | ) | |
| | ) | |
| Defendant. | ) | |

**FINDINGS OF FACT**
**AND CONCLUSIONS OF LAW**

This matter came before the Court for a trial on the merits on August 31, 2017. The Plaintiff's Complaint contained two Counts: Count I sought a declaration of non-dischargeability of certain legal fees and expenses incurred by the Plaintiff as a claimed Domestic Support Obligation ("DSO") under Bankruptcy Code Section 523(a)(5) (11 U.S.C. § 523(a)(5)); and Count II, in which the Plaintiff objected to the Debtor's Means Test calculation (specifically, whether the Debtor was exempt from the Means Test, which turned on whether or not his debts were primarily consumer debts or not).

At the conclusion of the evidence, the Court ruled in favor of the Plaintiff on Count II and held that the Defendant's debts were primarily consumer debts. The Court ordered the Defendant to file an Amended Means Test form within 10 days of the hearing. Docket No. 28. The Court

then gave the Plaintiff and the U.S. Trustee 30 days after the Amended Means Test form was filed to file any Objections. *Id.* The Court took Count I under advisement.

The Debtor filed his Amended Means Test form on September 10, 2017. Case No. 16-13895-BFK, Docket No. 32. On October 10, 2017, the U.S. Trustee filed a Statement that a Motion to Dismiss is Not Appropriate. *Id.,* Docket No. 34. The Plaintiff did not file an Objection to the Debtor's Amended Means Test form. Thus, any further proceedings on Count II are moot, and the Court will dismiss Count II.

The matter is now ripe for a resolution on the sole remaining issue under Count I, whether the Plaintiff's fees and expenses, awarded by the Arlington County Circuit Court in the amount of $29,955.37, and an additional $15,458.67 for attorney's fees and costs on appeal, pursuant to the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9007(b), are in the nature of a DSO under Section 523(a)(5) of the Bankruptcy Code. The Court finds that the fees awarded are in the nature of a DSO.

## Findings of Fact

The Court, having heard the evidence, makes the following findings of fact:

*A. The ICARA Proceeding in Arlington County.*

1. The Plaintiff is a law firm located in Fairfax, Virginia. Song Yung Lee is a member of the firm. She was retained by Seon Hwa Coe to file a petition under The Hague Convention to secure the return of her and the Defendant's son to Korea.

2. The Circuit Court ordered the return of the parties' child to South Korea. The Circuit Court further awarded Ms. Coe $29,955.37 in fees and costs pursuant to the ICARA.

3. Mr. Coe, the Debtor and the Defendant in this adversary proceeding, appealed. The Circuit Court's judgment was affirmed on appeal by the Virginia Court of Appeals, which also remanded the case back to the Circuit Court for an award of additional fees and costs.

4. The Circuit Court awarded an additional $15,458.67 in legal fees and costs for the appeal.

*B. The Debtor Files a Voluntary Bankruptcy Petition with This Court.*

5. The Debtor filed a Voluntary Petition under Chapter 7 with this Court on November 15, 2016. Case No. 16-13895-BFK.

6. The Plaintiff timely filed its Complaint in this adversary proceeding on February 21, 2017.

## Conclusions of Law

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Order of Reference of the U.S. District Court for the Eastern District of Virginia entered August 15, 1984. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(I) (determinations as to the dischargeability of particular debts) and (J) (objections to discharges).

At the outset, the Court finds that the Plaintiff, as the law firm who represented the Debtor's ex-wife, has standing to maintain this action. In *In re Collins,* the District Court held that an attorney who had represented the debtor's ex-wife in state court divorce proceedings had standing to bring an adversary proceeding to determine whether the debt was dischargeable. 500 B.R. 747, 754 (E.D. Va. 2013). The Court finds this case to be indistinguishable from *Collins* on this point, and holds that the Plaintiff law firm has standing to maintain this action.

The question, then, is whether the fees awarded by the Circuit Court (before the appeal and on remand) constitute a non-dischargeable DSO. Section 523(a)(5) of the Code provides for

3

an exception for the discharge of DSO's. The term "Domestic Support Obligation" is defined as follows:

> The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is—
>
> (A)  owed to or recoverable by—
>
> (i)   a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
>
> (ii)  a governmental unit;
>
> (B)  in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
>
> (B)  established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—
>
> (i)   a separation agreement, divorce decree, or property settlement agreement;
>
> (ii)  an order of a court of record; or
>
> (iii)  a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
>
> (C)  not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

11 U.S.C. § 101(14A).

There is no question that the debt is owed to the Debtor's former spouse's law firm. The debt was established by two Orders of the Arlington County Circuit Court before the Debtor filed his bankruptcy petition.

The only question is whether the debt is "in the nature of alimony, maintenance, or support." The Court holds that it is. As this Court has previously held, "[a]ttorney's fees follow

the nature of the principal award. If the principal award is a domestic support obligation, the attorney's fees incidental to obtaining the domestic support obligation are also treated as a domestic support obligation[.]" *In re Uzaldin,* 418 B.R. 166, 172 (Bankr. E.D. Va. 2009) (citing *Silansky v. Brodsky, Greenblatt & Renehan (In re Silansky),* 897 F.2d 743, 744-45 (4th Cir. 1990)). *See also McNeil v. Drazin*, 499 B.R. 490, 491 (D. Md. 2013) ("Post–BAPCPA, the weight of authority of bankruptcy courts in this circuit and others is that attorney fee debts awarded in domestic litigation may qualify as domestic support obligations, even if they are not payable directly to the debtor's spouse, former spouse, or child.") Legal fees incurred in connection with custody determinations are uniformly held to be non-dischargeable support obligations. *See Falk & Siemer, LLP v. Maddigan (In re Maddigan),* 312 F.3d 589, 597 (2nd Cir. 2002); *In re Rehkow*, No. 04-11697, 2006 WL 6811011, at *3 (9th Cir. B.A.P. Aug. 17, 2006) (collecting cases).

The Court is aware of one opinion, *In re Weed,* addressing the particular type of fees and expenses awarded in this case pursuant to the ICARA. 479 B.R. 533, 536–39 (Bankr. D. Minn. 2012). The Court agrees with the analysis in *Weed*, and holds that the fees and expenses here are in the nature of a non-dischargeable DSO under Section 523(a)(5). As noted by the Court in *Weed*, the ICARA does not govern custody determinations; it simply enforces the parties' rights under The Hague Convention. *Weed*, 479 B.R. at 540 (quoting 22 U.S.C. § 9001(b)(4) ("The Convention and this chapter empower courts in the United States to determine only rights under the Convention and not the merits of any underlying child custody claims.")) On the other hand, the ICARA includes the following Congressional findings:

> (1) The international abduction or wrongful retention of children is harmful to their well-being.

(2) Persons should not be permitted to obtain custody of children by virtue of their wrongful removal or retention.

(3) International abductions and retentions of children are increasing, and only concerted cooperation pursuant to an international agreement can effectively combat this problem.

(4) The Convention on the Civil Aspects of International Child Abduction, done at The Hague on October 25, 1980, establishes legal rights and procedures for the prompt return of children who have been wrongfully removed or retained, as well as for securing the exercise of visitation rights. Children who are wrongfully removed or retained within the meaning of the Convention are to be promptly returned unless one of the narrow exceptions set forth in the Convention applies. The Convention provides a sound treaty framework to help resolve the problem of international abduction and retention of children and will deter such wrongful removals and retentions.

22 U.S.C. § 9001(a)(1)-(4).

The Court concludes, therefore, that the fees and expenses at issue here are in the nature of support.[1]

## Conclusion

For the foregoing reasons, the Court will enter a separate Order under which:

1. Under Count I, the Court will declare all of the fees and costs awarded by the Arlington County Circuit Court in the ICARA proceeding, before the appeal ($29,955.37) and on remand ($15,458.67) to be non-dischargeable Domestic Support Obligations under Section 523(a)(5).

---

[1] The Court notes that this is a Chapter 7 case. If the fees and expenses are not in the nature of a DSO under Section 523(a)(5), they would be covered under Section 523(a)(15), which provides an exception in Chapter 7 cases for debts owed:
> to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit[.]

11 U.S.C. § 523(a)(15).

2. Count II will be dismissed as moot.

3. The Clerk will mail copies of these Findings and the accompanying Order, or will provide cm-ecf notice of their entry, to the parties below.

Date: Nov 2 2017

Alexandria, Virginia

/s/ Brian F. Kenney

Brian F. Kenney
United States Bankruptcy Judge

Entered on Docket: November 2, 2017

Copies to:

Sae Woong Lee
11325 Random Hills Road, Suite 360
Fairfax, VA 22030
*Counsel for the Plaintiff*

Kevin Thomas Coe
2200 12th Court North, Apt. 417
Arlington, VA 22201
*Defendant*

Robert Sergio Brandt
1513 King Street
Alexandria, VA 22314
*Counsel for Defendant*